IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIM. NO. 1: 05-CR-00124** |
| v. : | |
| : | |
| **GEORGE HERRINGTON** : | |

# **M E M O R A N D U M**

Before the court is Defendant's motion for appeal.  The parties have briefed the issues and the matter is ripe for disposition.  For reasons stated below, the court will deny Defendant's appeal.

**I.      Facts**

The facts are well known to both parties and will not be reiterated in detail.  The relevant facts are as follow.  Defendant was convicted of driving while under suspension for driving under the influence of alcohol.  *See* 75 Pa. Cons. Stat. § 1543(b)(1).[1]  Defendant pled guilty and on May 19, 2004 he appeared before United States Magistrate Judge Andrew Smyser for sentencing.  Defendant asked the court to consider the following dispositions: (1) a sentence of 90 days probation with the condition the he serve the 90 days at a community corrections center ("CCC") with work release; (2) a sentence of 90 days imprisonment with a recommendation that he

---

[1] Section 1543(b)(1) provides that: " upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days."

be permitted to serve the sentence at a CCC with work release; or (3) a sentence of 90 days to be served on consecutive weekends.

Defendant was sentenced to 90 days imprisonment, fined $1000.00, and ordered to pay a special assessment of $10.00. The court refused to sentence Defendant to a 90 day period of probation or recommend that Defendant be committed to a CCC and permitted to participate in a work release program.

Defendant appealed the court's sentence. While Defendant's appeal was pending, counsel alerted the court that § 1543(b) had been recently amended and the mandatory minimum had been reduced to 60 days from 90 days. Following the filing of supplemental briefs on the issue, the case was remanded for re-sentencing. At re-sentencing, Defendant asked the court to consider sentencing him to probation with the condition that he serve a 60 to 90 day term at a CCC or, alternatively, that the court recommend that the sentence be served at a CCC with work release.[2]

The court responded to Defendant's requests by stating that it lacked the authority to impose a sentence of probation for an assimilated state offense punishable by a mandatory minimum jail sentence, that the BOP does not have a work release program, and that the BOP would not follow any recommendations the court might make for work release. (N.T. 3/16/05 at 7, 9-10.) Based upon this rationale, the court denied Defendant's sentencing requests. Defendant filed the instant motion of appeal from the magistrate court's decision on March 24, 2005. (Doc. 1.)

## II.        **Standard of Review**

---

[2]There is no indication that Defendant asked to serve his sentence on consecutive weekends during the re-sentencing.

2

As provided by Federal Rule of Criminal Procedure 58, a Defendant may appeal a magistrate judge's judgment of conviction or sentence to a district court. "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58. Thus, our review of the legal standard applied by the magistrate court is plenary. *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003).

**III.     Discussion**

Defendant makes three arguments in support of his motion of appeal. First, Defendant argues that his due process rights were violated when he was sentenced based on an alleged material misunderstanding of the law. Second, Defendant argues that his sentence violates the Equal Protection Clause. Third, Defendant argues that the magistrate court abused its discretion when it concluded that it lacked the authority to impose a sentence of probation. The court finds Defendant's arguments to be unconvincing, and will deny Defendant's appeal.

**A.     Defendant's Due Process Argument**

Defendant contends that he was sentenced based upon a material misunderstanding of the law. Thus, according to Defendant, his due process rights were violated. Specifically, Defendant argues that the magistrate judge erred by relying upon the BOP's 2002 policy concerning prisoner placement in CCCs. The

court finds that the magistrate judge did not rely upon the BOP's policies when he refused to recommend that Defendant be placed in a CCC.[3]

As provided by the magistrate judge during the sentencing: "I will assume for present purposes that the Bureau of Prisons may [place an individual in a CCC] as a matter of law even though the Department of Justice has advised the Bureau of Prisons otherwise as to a community confinement center.  Making this assumption I will consider whether the court should recommend community confinement center placement and work release."  (N.T. 3/16/05 at 11-13.)  Thus, the magistrate judge concluded that, as a matter of law, the BOP could place an individual in a CCC.  However, the magistrate judge went on to state that because the BOP has taken the position that it may not and will not place a prisoner in a CCC he would not recommend that Defendant be placed in a CCC.  (*Id.*)  The magistrate judge reasoned that "[i]n light of the Bureau of Prisons' position, I conclude that it would serve no worthwhile purpose for the Court to recommend work release.  I will not do so for that reason.  I will not do so because the Bureau of Prisons will not place him in work release."  (*Id.*)  The magistrate judge's decision not to recommend that Defendant be placed in a CCC stemmed not from a material misunderstanding of the law, but from a practical consideration that CCC placement was simply not an option.  The court finds that the magistrate judge did not rely on the BOP's 2002 policy concerning the placement of prisoners in CCCs.  Accordingly, the court will deny Defendant's motion of appeal based on this argument.

---

[3] Because the court finds that the magistrate judge did not rely upon the 2002 BOP policy, it will not expound upon the BOP's 2002 policy itself.  For a comprehensive discussion of the BOP's policy regarding placement of prisoners in a CCC see *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004).

### B. **Equal Protection**

Defendant makes two separate arguments that his sentence violates the Equal Protection Clause. First, Defendant argues that in treating Defendants who were sentenced prior to December 20, 2002, differently than those who were sentenced after December 2002, the BOP's new rule violates the Equal Protection Clause. Second, because state defendants and federal defendants convicted of the same underlying offense are treated differently the Equal Protection Clause is violated. The court is not convinced by either of Defendant's arguments.

With respect to Defendant's first argument, the court notes that it does not implicate the Ex Post Facto Clause since Defendant does not allege that he is being punished by a law that was not in place when he committed his crime. Defendant merely alleges that he is not receiving the benefit of a policy that was no longer in place when he committed his crime.[4]

If Defendant chooses to argue that his sentence or the BOP's policy are not supported by law he may do so. However, the court notes that the BOP may change its policies, and as long as similarly situated individuals are treated similarly, there is no violation of the Equal Protection Clause. Defendant is not entitled to receive the same treatment as those individuals who were sentenced prior to the BOP's December 2002 change in policy. Defendant is being treated similarly as all

---

[4]Prior to December 2002, the BOP provided that placement of certain prisoners in CCCs was proper. However, after December of 2002, the BOP determined that placement of prisoners in CCCs was unlawful. According to the BOP, placement in a CCC did not constitute imprisonment.

other federal defendants who have been sentenced after December 2002.[5] Defendant's appeal is denied with respect to this argument.

With respect to Defendant's second argument, the Government correctly notes that there is no authority for the position that actions by two different sovereigns, such as the state and the federal government, may amount to an equal protection violation. "The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.' " *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (citing *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)).

Put simply, Defendant is not similarly situated as one who committed the same crime while in the territorial jurisdiction of the state of Pennsylvania. Defendant's crime occurred while he was in territorial jurisdiction of the United States; therefore, Defendant is subject to the laws of the federal government, a sovereign in its own right. Defendant has been treated the same as other similarly situated individuals. Thus, there is no violation of the Equal Protection Clause. Defendant's appeal is denied with respect to this argument.

### C. Plaintiff's Argument that Failure to Recommend Probation Violates the ACA

Defendant argues that the magistrate judge abused his discretion when he concluded that he lacked the authority to impose a sentence of probation with conditions of confinement. As stated, 75 Pa. Cons. Stat. § 1543 proscribes a period "of imprisonment of not less than 60 days nor more than 90 days." According to Defendant, "imprisonment" has been construed under Pennsylvania law to

---

[5] As succinctly stated by the D.C. Circuit: "Neither authority nor common sense support[s] the proposition that if the government erroneously confers a benefit on some people, then other people have a constitutional right to receive the same windfall." *Noble v. United States Parole Commission*, 194 F. 3d 152, 155 (D.C. Cir. 1999) (citing to *Tyler v. United States*, 929 F.2d 451, 457 (9th Cir. 1991)).

encompass time spent in institutional settings.  Defendant asserts that under Pennsylvania law a sentence of partial confinement in connection with a work release program qualifies as imprisonment for purposes of § 1543.  Defendant argues that under the Assimilated Crimes Act ("ACA"), 18 U.S.C. § 13(a), the court should have incorporated the variants of the definition of imprisonment, as utilized in Pennsylvania law, and provided a sentence of probation with a condition of confinement in a CCC.

The ACA provides that one who commits a crime within the territorial jurisdiction of the United States which, under the laws of the state, would be guilty of an offense, "shall be guilty of a like offense and subject to a like punishment."  18 U.S.C. § 13(a).  However, the ACA only requires that a defendant receive a like sentence, not an sentence that identically parallels the state sentence.  *See United States v. Davis*, 845 F.2d 94, 99 (5th Cir. 1988).  In *United States v. Pierce*, the Fourth Circuit held that "while a federal court acting pursuant to the ACA is restricted by state law, it will not assimilate a state sentencing provision that conflicts with federal sentencing policy."  75 F.3d 173, 176-177 (citing *United States v. Kelly*, 989 F.2d 162, 164 (4th Cir.)).  The court in *Kelly* held that "[A] federal prisoner , though convicted and sentenced in accordance with [the ACA], should be subject to federal correctional policies."  *Id*.; *see also U.S. v. Pate*, 321 F.3d 1373, 1376 (11th Cir. 2003) ([W]e hold that the 'like punishment' clause of the ACA does not require a federal court to implement state policies regarding eligibility for early release and alternative forms of confinement that conflict with federal sentencing policies.").  As provided by the Third Circuit, "'like punishment [means] that state law sets the minimum and maximum punishment while the federal sentencing guidelines should be used to determine the actual sentence within that range." *United States v.*

*Queensborough*, 227 F.3d 149, 160 (3d Cir. 2000). While the guidelines do not apply in this case, the court finds the logic underlying *Queensborgh* applicable.

In the instant case, Pennsylvania law provides that an individual convicted under § 1543(b)(1) be imprisoned for a term of at least 60 days. The issue in this case is not the length of Defendant's sentence, but whether probation satisfies a sentence of imprisonment under federal law. The court finds that it does not.

As provided by the Third Circuit, probation does not qualify as imprisonment. *U.S. v. Pray,* 373 F.3d 358, 362 (3d Cir. 2004). While *Pray* dealt with a case subject to the federal sentencing guidelines, the holding is applicable in this case. In *Pray*, the court not only relied on how the term imprisonment and probation were used in the guidelines, but also imprisonment's ordinary meaning. The *Pray* court stated that "[i]n ordinary usage, 'imprisonment' generally means physical confinement." *Id*. at 361. The court recognizes that Defendant's request at sentencing was to have a sentence of probation with conditions of confinement imposed, thus satisfying the ordinary meaning of the word imprisonment. The court finds that a term of probation cannot substitute a term of imprisonment. To do so would render the federal sentencing policies meaningless and open the door to an interpretation of imprisonment inconsistent with federal sentencing policies.

The Federal Criminal Code supports the position that probation does not satisfy a sentence of imprisonment. For instance, the Federal Criminal Code is divided into four subchapters which clearly differentiate between probation and imprisonment. 18 U.S.C. §§ 3551-3585. Moreover, 18 U.S.C. § 3582(c)(1) provides that a term of imprisonment can be modified to a term of probation only for

extraordinary and compelling reasons.[6]  Additionally, the federal sentencing guidelines also distinguish between a sentence of probation and a sentence of imprisonment. *See* U.S.S.G. § 5c1.1(c), (f).  Based on the case law, as well as relevant statutory provisions, the court finds that probation does not satisfy a sentence of imprisonment for purposes of federal sentencing policies.

Defendant also argues that a sentence of probation would not conflict with federal sentencing policy because under the proposed sentence of probation, the BOP would not have custody.  Instead, custody would be with the Probation Office.  Defendant is mistaken and appears to contradict himself.  In his brief in support of appeal, Defendant cites to *Reno v. Koray*, 515 U.S. 50, 58-59, 62 (1995), and states that " it is not the type of facility that determines imprisonment; rather, it is whether the BOP maintains control of the defendant that determines imprisonment." (Def.'s Br. Supp. Appeal at 9.)  However, if Probation, and not the BOP, maintains control of Defendant then Defendant is not imprisoned for purposes of federal sentencing policy.

The court finds that to satisfy the federal sentencing provisions for a period of imprisonment, Defendant must be in the custody of the BOP and Defendant's period of imprisonment must comport with federal sentencing policy.  In light of 75 Pa. Cons. Stat. § 1543(b), which provides for a period of imprisonment, the court finds that probation does not satisfy a sentence under § 1543(b).

---

[6]The courts notes that no extraordinary or compelling reasons present themselves in the instant case.

**IV.**      **Conclusion**

Based on the preceding discussion the court will deny Defendant's motion of appeal.  The court finds that there has been no violation of Defendant's due process rights or his rights under the Equal Protection Clause.  Additionally, the court finds that the magistrate judge did not abuse his discretion when he declined to sentence Defendant to probation with conditions of confinement.  An appropriate order will issue.

                                                              s/Sylvia H. Rambo
                                                              SYLVIA H. RAMBO
                                                              United States District Judge

Dated:  June 16, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIM. NO. 1: 05-CR-00124\**
:
:
**v.** :
:
:
**GEORGE HERRINGTON** :

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

1) The judgment of the Magistrate Judge is **AFFIRMED**.

2) Defendant's appeal is **DENIED**.

3) The Clerk of Court is directed to close the file.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: June 16, 2005.